IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERKELEY*IEOR d/b/a B*IEOR,<br><br>        Plaintiff,<br>v.<br><br>TERADATA OPERATIONS, INC., W.W. GRAINGER, INC., DHL EXPRESS (USA), INC., DANZAS CORPORATION, d/b/a DHL GLOBAL FORWARDING, AND AIR EXPRESS INTERNATIONAL USA, INC., d/b/a DHL GLOBAL FORWARDING,<br><br>        Defendants. | CASE NO. 1:17-cv-07472<br><br>JUDGE AMY J. ST. EVE |

**GRAINGER'S MOTION TO SEVER AND STAY COUNT I
OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant W.W. Grainger, Inc. ("Grainger") respectfully moves to sever and stay Count I of Plaintiff Berkeley*IOER's ("Plaintiff's") Second Amended Complaint ("SAC") alleging direct infringement by Grainger of U.S. Patent Nos. 7,596,521 ("the '521 patent"), 7,882,137 ("the '137 Patent"), and 8,612,316 ("the '316 Patent") (collectively the "Asserted Patents"). Teradata Operations, Inc. ("Teradata"), and not Grainger, is the real party in interest in this action. *Oplus Tech., Ltd. v. Sears Holding Corp.*, No. 11–cv–8539, 2012 WL 2280696, at *4 (N.D. Ill. 2012) (stating that the manufacturer, and not its customer, is "the real party in interest who must defend this infringement suit"). Grainger is merely a customer of Teradata and does not code, manufacture, sell, or otherwise provide the accused product, "Teradata Value Analyze" ("TVA"), to consumers.

In addition, Teradata has indemnified Grainger against Count I, rendering the need for Grainger in these proceedings obsolete.

These considerations clearly demonstrate that Grainger is peripheral to this action.

Furthermore, Plaintiff's indirect infringement claim against Teradata (Count V) is based on Teradata's licensing of TVA to Grainger, and others, is wholly redundant of Plaintiff's direct infringement claim against Grainger (Count I). Whether Grainger infringes and the scope of damages as a result will necessarily be resolved in due course as part of Plaintiff's claim against Teradata. To be sure, Grainger is not needed and litigating Count I is unnecessary and wasteful of this Court and the parties' valuable resources.

Thus, the circumstances clearly demonstrate that Grainger is peripheral to this litigation and that Plaintiff can fully litigate this matter as to liability and damages without Grainger. Accordingly, Grainger moves to sever and stay Count I of this action. *Joao Bock Transaction Systems, LLC v. First National Bank*, No. 11 C 6472, 2013 WL 4840240, at *2-*3 (N.D. Ill. 2013) (granting severance and stay of claims against customers and reasoning that claim against manufacturer takes precedent over claims against its customers as it would resolve all issues as to the customers).

WHEREFORE, Defendant Grainger respectfully requests that the Court enter an Order dismissing Count I, of Plaintiff's Second Amended Complaint.

Dated: April 19, 2018

Respectfully Submitted,

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

*/s/ Kal K. Shah*
Kalpesh (Kal) K. Shah
Zaiba Baig
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.757.9192
Email: kshah@beneschlaw.com

*Attorneys for Defendant*
*W.W. Grainger, Inc.*

2

## CERTIFICATE OF SERVICE

I certify that, on **April 19, 2018**, I filed the foregoing **GRAINGER'S MOTION TO SEVER AND STAY COUNT I OF PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of the Court using CM/ECF, which will automatically send e-mail notification of this filing to all attorneys of record in this action.

>  */s/ Kal K. Shah*
> Kalpesh (Kal) K. Shah
>
> One of the *Attorneys for Defendant*
> *W.W. Grainger, Inc.*