IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BERKELEY*IEOR d/b/a B*IEOR,** a Nevada corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 17 C 7472 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| **TERADATA OPERATIONS, INC.,** et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Judge Posner often lamented that "American law is needlessly complex, and occasions for simplification should be embraced." *Sullivan v. Randolph*, 504 F.3d 665, 672 (7th Cir. 2007). This case in miniature, is an example of the unfortunate complexity which seems to attend to all too many cases. Judge Kocoras has issued a referral to me "for the purpose of resolving protective order issue." [Dkt. #148]. As we explain below, as there is no motion pending, and as the district court has ruled on the matter, some unraveling of the last couple of months of docket entries is necessary.

The standard Protective Order in patent cases is in place under the Local Patent Rules. At the beginning of July, the defendant designated documents "Highly Confidential" according to the order, the plaintiff objected, and the defendant asked Judge Kocoras for a ruling as provided in the terms of the Protective Order. [Dkt. #134]. Indeed, the motion expressly sought entry of a Protective Order. [Dkt. #134]. Judge Kocoras entered an Order, granting the defendant's motion to so designate those documents. [Dkt. #138]. The same day, in the afternoon, the plaintiff immediately asked Judge Kocoras to vacate that Order. [Dkt. #140]. In an email on September 1st, Judge Kocoras's courtroom

deputy indicated to my courtroom deputy that this is the Motion that is the subject of the referral. But a further review of the docket reveals that, the next day, Judge Kocoras denied the plaintiff's motion and reaffirmed his ruling that the documents had been properly designated "Highly Confidential." [Dkt. # 141].

To add to the confusion, the plaintiff filed a "response" anyway – a response to nothing that was pending and to make matters worse, without leave of court. [Dkt. #142]. The defendant was understandably confused and asked Judge Kocoras for a clarification or leave to file a reply brief. [Dkt. #143]. Judge Kocoras, on 8/6/20, granted leave to file a "Response to motion for protective order" [Dkt. # 148] which the defendant took to mean a reply brief. But there is presently no motion pending, and there are not one, but two standing orders resolving the dispute over a month ago, back on July 13 and 14.

Accordingly, the plaintiff's "Response to Motion for Protective Order" [Dkt. #142] should be stricken. As Judge Kocoras has ruled, the plaintiff's options are: 1) compliance with the court's order, 2) a motion to vacate it, or 3) a motion for reconsideration. As the plaintiff's "response" was not couched in those terms, and in essence ignored or impermissibly overlooked the fact that Judge Kocoras had ruled, the standards the plaintiff espouses in its response are inaccurate. It is no longer the defendant's burden to demonstrate anything. Motions for reconsideration, which are generally disfavored, *LAJIM, LLC v. General Electric*, 917 F.3d 933 (7th Cir. 2019); *Caisse Nationale de Credit Agricole v. CBI Industries Inc.*, 90 F.3 1264, 1269 (7th Cir. 1996); *Beezley v. Fenix Parts, Inc.*, 320 F.R.D. 198, 201 (N.D.Ill. 2018)(and cases cited), are limited to the correction of manifest errors of law or fact or the presentation of newly discovered evidence." *Caisse Nationale de Credit Agricole,* 90 F.3d at 1269. A motion for reconsideration of a discovery order is even more limited, as discovery

rulings are a matter of discretion. Overturning a discovery order requires a showing that the ruling was clearly erroneous. *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016). That's a tough hill to climb, more like a mountain. *See Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir.2001) (concluding that a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish"). *Cf. Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made.").

There is nothing in the plaintiff's "response" to show Judge Kocoras's ruling[s] were clearly erroneous. The parties are competitors, and disclosure beyond "attorney's eyes only" is potentially harmful to defendants. *See, e.g., McDavid Knee Guard, Inc. v. Nike USA, Inc.*, No. 08 CV 6584, 2009 WL 1609395, at *5 (N.D. Ill. 2009); *ABRO Indus., Inc. v. 1 New Trade, Inc.*, 2015 WL 13655677, at *2 (N.D. Ind. 2015). It is significant that defendants are not abusing the designation, but employing it in good faith, applying it to just nine documents. It is difficult, if not impossible for an individual to compartmentalize information for use in litigation only. If this were not the case, there would be no need for "attorneys-eyes-only" designations in protective orders. Yet they are regularly employed in the case of trade secrets. *See, e.g., Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 445–46 (N.D. Ill. 2006*); Blanchard and Company v. Barrick Gold Corp.*, 2004 WL 737485 at *10–11 (E.D.La.2004)(and cases cited); *Surface Shields, Inc. v. Poly–Tak Protection Systems, Inc.*, 2003 WL 21800424, *1 (N.D.Ill.2003)(ordering production of customer list but allowing party to designate items as "attorney's eyes only" and strongly suggesting that parties enter into agreed protective order regarding alleged confidential

3

information); *Seaga Mfg., Inc. v. Fortune Resources Enterprises, Inc.*, 2002 WL 31399408, *3–4 (N.D.Ill. 2002)(allowing discovery of customer list subject to "attorney's eyes only" and allowing for removal of that restriction when warranted); *N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F.Supp.2d 991, 999 (N.D.Cal. 2004)(requiring production subject to a protective order)*; Liveware Publishing, Inc. v. Best Software, Inc.*, 252 F.Supp 2d 74, 85 (D.Del.2003)(customer lists disclosed only to "trial counsel"). *Compare, CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir.2002)(error to deny defendant all access to plaintiff's customer data base; proper course was issuance of a protective order limiting access to attorneys); *Atmel Corp. v. St. Paul Fire & Marine*, 2005 WL 3692874 (N.D.Cal.2005)(confidentiality of customer lists sufficiently protected by protective order); *Network Computing v. Cisco Systems*, 223 F.R.D. 392, 396 (D.S.C.2004)(plaintiff ordered to provide a customer list under protective order).

      The plaintiff's counsel, of course, has the option of engaging an expert to assist in review of the few documents that will be involved. Consequently, the plaintiff is not as severely hamstrung as it might suggest. Moreover, the threat of a sanction against improper use or disclosure of the information at issue somewhere down the road is somewhat illusory. An invitation to file a contempt proceeding, with the inevitable discovery and further motion practice would not bring a sanction –if it did at all – until months or years after the genie was out of the bottle. This single, discrete issue, by way of example, has taken up to two months, necessitated two rulings, and precipitated multiple filings. With a long accepted procedure in place for protection of sensitive information, a party should not have to roll the dice in what would likely prove to be a lengthy dice game.

In sum, there is nothing to suggest that Judge Kocoras's rulings were even the least bit wrong, let alone "clearly erroneous." To the extent plaintiff's "response" seeks reconsideration or to vacate those rulings, the "motion" is denied. The matter has been decided by Judge Kocoras. The parties must move on.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/2/20