**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BERKELEY*IEOR d/b/a B*IEOR, ) | | |
| a Nevada Corporation, ) | | |
| ) | | |
| Plaintiff, ) | No. 17 C 7472 | |
| ) | | |
| v. ) | Magistrate Judge Jeffrey Cole | |
| ) | | |
| TERADATA OPERATIONS, INC., ) | | |
| ) | | |
| Defendant. ) | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Berkeley, has filed a last-minute motion for a ninety-day extension of the discovery deadline in this 2017 case, which Judge Kocoras has referred to me. [Dkt. #189]. For the following reasons, the motion [Dkt. #178] is denied.

Fact discovery closed on February 5, 2021, but the parties agreed to a one-month extension for the limited purposes of completing "three or four" depositions. About a week after that time had expired, they sought another extension from Judge Kocoras on March 9, 2021. The parties indicated that some unspecified health issues had bogged things down a bit and asked for a thirty-day extension. Judge Kocoras felt that was not long enough and extended the deadline by sixty days, to May 11, 2021, but made it clear that the "sixty days [was] adequate, *if not more than enough*." [Dkt. #167, at 7 (emphasis added)]. Both sides agreed that would be plenty of time. [Dkt. #167, at 7].

It apparently was not for plaintiff Berkeley. After the close of business on the night before discovery was set to close, Berkeley filed its motion for a *ninety-day* extension of time. Generally speaking, such a request is unacceptable. "When parties wait until the last minute to comply with

a deadline, they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996); *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 947 (7th Cir. 2020)(decrying last-minute requests for extensions); *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 2015 WL 8777633, at *2 (N.D. Ill. 2015). Of course, eleventh-hour requests for extensions undermine the legitimacy of the request. *See Connecticut Gen. Life Ins. Co. v. Chicago Title & Trust Co.*, 690 F.2d 115 (7th Cir. 1982); *Hare v. Comcast Cable Commc'ns Mgmt., LLC*, 564 Fed.Appx. 23, 24 (4th Cir. 2014); *Vann-Foreman v. Illinois Cent. R.R. Co.*, 2021 WL 1209154, at *5 (N.D. Ill. 2021) *Franklin v. Howard Brown Health Ctr.*, 2018 WL 4590010, at *1 (N. D. Ill. 2018); *G&G Closed Circuit Events, LLC v. Castillo*, 2016 WL 3551634, at *7 (N. D. Ill. 2016). "Leaving everything to the last minute while knowing about a deadline for ... months can and should have serious consequences." *Sapia v. Bd. of Educ. of City of Chicago*, 2019 WL 661468, at *1 (N.D. Ill. 2019).

The last minute tactics employed here presuppose – incorrectly – that a Judge will simply do whatever is requested. *G & G Closed Circuit Events*, 2016 WL 3551634, at *4. At the very least, one expects some explanation from a party for filing a motion for an extension of time the night before the deadline expires – a deadline, it bears repeating, which was twice as long as was initially requested. Berkeley offers none. Moreover, it points to no circumstances other than those that prompted Judge Kocoras to allow the parties a generous sixty-day extension which, as he said and the parties agreed, was "more than enough." The only passable reason for an extension is the designation of documents issue, which plaintiff Berkeley knew about long before May 11th; at the very latest, it knew two weeks earlier. [Dkt. #172]. In sum, the eleventh-hour motion gives the distinct impression that the movant and its counsel are in charge of the docket and discovery schedule. That is simply not the case, as every court in the country has held. "The parties do not

"own" the discovery schedule, and cannot suspend or extend discovery in accordance with their own desires." *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 174 (N.D. Ill. 2018). *See also Jones v. UPR Prod., Inc.*, 2016 WL 6518652, at *1 (N.D. Ill. 2016)("Lawyers and parties do not own the discovery schedule. There is an overriding public interest in the prompt resolution of legal disputes. That interest transcends the immediate interest of the parties...."). For this reason alone, the motion should be denied.

But, three additional factors support denial of the motion. First, this case is well into its fourth year, with discovery beginning back in March of 2018. [Dkt. #36]. Second, the motion fails to comply with Local Rule 37.2 It does not include a certification reciting "the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation." [Dkt. #178, 3-4]. Third, once the designation of documents issue is resolved, there may or may not be some valid reason for a reopening of discovery in this four-year-old case *for limited purposes*. But, that remains to be seen. There is no reason, however, for the *carte blanche* additional ninety days Berkeley demands in its last-minute motion. Accordingly, Berkeley's motion [Dkt. #178] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/20/21