# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BERKELEY*IEOR d/b/a B*IEOR, a Nevada Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 17 C 7472 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| TERADATA OPERATIONS, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 19, 2021, Judge Kocoras referred seven motions to me -- motion for protective order [Dkt. #172], motion for protective order [Dkt. #174], motion for leave to file [Dkt. #180], motion for sanctions [Dkt. #182], motion for extension of time to complete discovery [Dkt. #178], motion to supplement [Dkt. #184], motion to compel [Dkt. #176] – which have accumulated in the three weeks since April 30th. The filings cover over three hundred pages, but initial review indicates that in the main they address defendant, Teradata's, designation of documents as "highly confidential", with the bulk of the filings inundating the docket coming from plaintiff Berkeley, who found such a designation extremely improper. In a companion Order, I denied Berkeley's motion for a last-minute, 90-day discovery extension. For the following reasons, Berkeley's motion for leave to file a response to defendant Teradata's motion for a protective order [Dkt. #180] and Berkeley's motion for sanctions [Dkt. #182] are both denied.

Teradata started this blizzard of digital "paper" by filing a motion for a protective order confirming its designation of a number of documents as "highly confidential." [Dkt. #172]. As neither a hearing date nor a briefing schedule were set, after over a week, plaintiff Berkeley

responded with a motion to compel Teradata to redesignate those documents. [Dkt. #176]. As such, that filing shall serve as Berkeley's response to the motion for a protective order and Berkeley's motions for leave to file another response and a supplement to defendant Teradata's motion for a protective order [Dkt. ##180, 184] are denied. Cross filings on the same matter, especially given the vast amount of materials already filed, would only serve to delay review and needlessly further complicate these proceedings. Should the court require additional briefing once it sifts through the material, it will request it from the parties.

Berkeley also filed a motion for sanctions that was necessarily, although not expressly, based on the assumption that the court will rule in its favor down the road and find Teradata's designation of documents improper. Such a motion is premature and not ripe for resolution. It [Dkt. #182] is also denied.

As to the remaining motions, the parties are ordered to comply with Local Rule 37.2 and meet and confer in good faith to resolve these rather routine matters, especially the scheduling of depositions. [Dkt. #174]. In the next ten days, in the unlikely event that the attorneys in this case require the help of a judicial officer, they shall file an enhanced Local Rule 37.2 statement in compliance with *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 2007 WL 2713352, at *4 (N.D. Ill. 2007): "If any disputes remain, the parties shall file a joint statement providing the information required in Local Rule 37.2, along with the time spent on each interrogatory at the meeting, and the arguments advanced by both sides [in those meetings]. The statement should be sufficiently detailed to allow a real appreciation of the parties' efforts, and allow the court to determine whether they actually did confer in good faith. Only then will any further motion to compel on this issue be considered."

Motions ## 172, 174, 176 will remain under advisement as the parties work in "good faith" toward their resolution – as the Local Rules envision and require.

ENTERED:  _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/20/21