IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BERKELEY*IEOR d/b/a B*IEOR,** a Nevada Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 17 C 7472 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| **TERADATA OPERATIONS, INC.,** | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the following reasons, Berkeley's motion to compel [Dkt. #230] is denied.

Discovery in this four-year-old case closed over four months ago, on May 11, 2021. [Dkt. #161]. But, for better or worse, Judge Kocoras struck the discovery deadline, *sua sponte*, after it had passed. [Dkt. #188]. No motion had been filed by either side, so from this perspective one cannot gauge whether the parties had "good cause" for reopening discovery or had shown diligence, as Fed.R.Civ.P. 16(b)(4) and the pertinent authorities require. *See, e.g., MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021)(modification of schedule can only be made upon a showing of good cause and diligence). But, given that, since fact discovery closed back on May 11th, there have been a half-dozen discovery motions that had to be resolved, it's rather clear that neither side would have been able to show diligence if put to the task. And, after all that, here we are, with yet another motion to.

In this final gasp in what seems to be the parties' quest for eternal fact discovery, and despite the Seventh Circuit's warning that all good things, including discovery, must come to an end, *U.S. ex rel Taylor v. Hicks*, 513 F.3d 228, 238 (5th Cir. 2008), Berkeley contends that because Teradata

has produced only 17 TVA contracts it has failed to comply with my Order of August 12th requiring them to produce TVA contracts. Of course, I have no idea whether the plaintiff's accusation is true or not. Perhaps 17 seventeen TVA contracts is a lot, perhaps it isn't. Perhaps it's enough, perhaps it isn't. But, Berkeley's a terse, cryptic page-and-a-quarter motion does not offer any insight into that either way.

The motion is another example of the increasingly common "Peggy Lee motion", *see, e.g., Metcalf v. Ross*, 2021 WL 1577799 (N.D. Ill. 2021); *Steffan v. Cook Cty. Sheriff*, 2020 WL 7353411, at *1 (N.D. Ill. 2020), with Berkeley feeling like there must be more discovery available, even after four years.[1] But what has occurred, improper though it may be, is not surprising. Experience has shown that loose deadlines and reopenings tend to imbue parties with a feeling that there is no real end to discovery and so, there must, in effect, be endless production. Berkeley has failed to cite a single case in its motion. Ordinarily that would be enough to deny the motion. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021)(". . . this court has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived."). But, given what has unfortunately occurred over the extra four months of fact discovery, it is important to note the wealth of case law that applies to motions like the one Berkeley has filed:

> "Courts supervising discovery are often confronted by the claim that the production made is so paltry that there must be more that has not been produced or that was destroyed." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). But that feeling is never enough. Courts do not accept mere speculation in a vague motion to compel. Discovery – long and mind-numbingly tedious enough as it often is – would never end if all it took to keep it going were the insistence that more documents exist.

---

[1] As Peggy Lee sang in the 1970 Grammy Award nominated song by Jerry Lieber: "I don't know what, but when it was over I said to myself, "is that all there is ...?" *See also* Thomas Mann's short story, "De Ontgoocheling," from seventy-five years earlier.

> *Hubbard*, 247 F.R.D. at 29. Consequently, courts – with unerring consistency – have required that the moving party make out a case for more discovery. Insistence is not enough. The moving party must show "that documents that have been produced permit a reasonable deduction that other documents may exist or did exist." *Hubbard*, 247 F.R.D. at 29 (Emphasis supplied). *See also, Gross v. Chapman*, 2020 WL 4336062, at *2 (N.D. Ill. 2020)("But, all that the plaintiffs provided here – in a motion barely 3 pages long – was mere speculation that there must be more texts about the breakup. Plaintiffs did not even cite a case in support of their motion to compel."); *Amarei v. City of Chicago*, 2016 WL 3693425, at *4 (N.D. Ill. 2016)(a court cannot compel plaintiff to produce what does not exist.); *Winiecki v. Creditors Interchange Receivable Mgmt.*, LLC, 2015 WL 6870105, at *10 (N.D. Ill. 2015)(same); *In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *12 (N.D. Ill. 2015)(same); *Tijerina v. Stanley*, 2019 WL 1396964, at *4 (E.D. Tex. 2019)("... he asserts there were other medical records which would have supported all of his allegations; however, he offers nothing to suggest that any such records actually exist."); *Bos. v. Club Corp. USA, Inc*., 2019 WL 1873293, at *8 (C.D. Cal. 2019); *Kendle v. Whig Enterprises, LLC*, 2016 WL 898569, at *4 (S.D. Ohio 2016)("However, plaintiff may not successfully move to compel discovery on the basis of a mere suspicion that the producing party possesses additional information that it has failed to disclose."); *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010)("reasonable deduction" and not a mere hunch is necessary).

*Metcalf*, 2021 WL 1577799, at *2. *See also Snyder v. Fleetwood RV, Inc*., 2016 WL 339972, at *6 (S.D. Ohio 2016)(". . . if a plaintiff . . . does not provide any evidence demonstrating that responsive documents do, in fact, exist and are being unlawfully withheld, the[ ] motion to compel must fail."); *Maker's Mark Distiller, Inc. v. Spalding Grp., Inc*., 2021 WL 2018880, at *3 (W.D. Ky. 2021)(". . . absent credible evidence, the responding party's representation that there are no additional documents is sufficient to defeat a motion to compel."); *MRM Rest. Grp., LLC v. Frontline Ins. Unlimited Co.*, 2020 WL 5881050, at *3 (N.D. Fla. 2020)("[Plaintiff's] belief that [defendant] is not being forthright, no matter how well founded, is not a sufficient basis for this Court to ignore [defendant's] representation that it has produced the entire claims file."); *Brit. Telecommunications PLC v. IAC/Interactivecorp*, 2020 WL 1043974, at *7 (D. Del. 2020)("[Plaintiff's] complaints about . . . document production are not sufficiently supported . . . ."); *Bos. v. ClubCorp USA, Inc*.,, 2019

WL 1873293, at *8 (C.D. Cal. 2019)(". . . the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld.).

The case law goes on and on, but Berkeley has unfortunately ignored all of it. It has not made the required showing, and accordingly, its motion [Dkt. #230] is denied.

Fact discovery is now closed. By September 29, 2021, the parties are ordered to submit a joint expert discovery schedule. Given the parties' violation of court orders in the past [Dkt. ##204, 214], the parties are warned that competing schedules will not be acceptable.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/22/21