**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BERKELEY*IEOR d/b/a B*IEOR, a Nevada Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>TERADATA OPERATIONS, INC.,<br><br>                    Defendant. | Case No.: 1:17-cv-07472<br><br>Honorable Charles P. Kocoras<br><br>**FILED UNDER SEAL** |

<u>**TERADATA'S RESPONSE TO BERKELEY'S ADDITIONAL STATEMENT OF FACTS**</u>

Defendant Teradata Operations, Inc. ("Teradata"), by and through counsel, hereby submits its Response to Plaintiff Berkeley*IEOR's (B*IEOR) Additional Statement of Facts[1] in support of its Opposition to Teradata Operations, Inc.'s Motion for Summary Judgment as follows:

**I.      BACKGROUND[2]**

1.      The Asserted Patents enjoy a priority date that goes back more than twenty years, each Asserted Patent claiming priority to Provisional application No. 60/128,769, filed on Apr. 9, 1999. *See* the '521 Patent, at 1:8-9, the '137 Patent at 1:8-9 and the '316 Patent at 1:11-13. (*Attached hereto* as Exs. A-C, respectively).

**RESPONSE**:  Admitted that Provisional application No. 60/128,769 listed on the Asserted Patents was filed on Apr. 9, 1999. However, the actual priority date for each of the specific claims is yet to be determined and, therefore, Teradata objects to and denies Plaintiff's improper legal

---

[1] As an initial matter, Teradata Objects to B*IEOR's Response (Dkt. 373) to Teradata's Statement of Facts to the extent that the responses introduce new purported facts rather than simply responding directly to Teradata's Statement of Facts (Dkt. 352).

[2] Teradata objects to the characterizations and assertions in the headings used by B*IEOR in its Additional Statement of Facts. Teradata makes no admissions, partial or otherwise, in utilizing these same headings in its Response to B*IEOR's Additional Statement of Facts, as it is done for clarity and completeness.

conclusion. However, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

2.      Claim 1 of the '521 Patent requires each of the following steps: "providing a relational database management system operable in association with a computer; preparing information to be accessed electronically through the relational database management system; establishing, in the relational database, rules for processing the prepared information; using the relational database management system to independently calculate at least one marginal value of profit for each object being measured using the established rules as applied to a selected set of prepared information; using the relational database management system to calculate a fully absorbed profit adjustment value for each object being measured; and combining the at least one marginal value of profit and the fully absorbed profit adjustment value to create a measure for object level profitability." (The '521 Patent at 30:55-31:3).

**RESPONSE**: Admitted that the language above is included in claim 1 of the '521 patent. However, the quoted claim language is incomplete as it omits, at least, the preamble of claim 1. The text of the document this excerpt originates from speaks for itself. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC v. Jump Rope, Inc.*, No. 12 C 2498, 2012 WL 5499434, at *2 (N.D. Ill. Nov. 13, 2012), aff'd, 562 F. App'x 971 (Fed. Cir. 2014) ("[T]he purpose of Local Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments."); *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 382 n. 2 (7th Cir.2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts.").

3.      According to the '521 Patent specification "[m]any businesses today are struggling to accurately measure profit contribution at a level necessary to accurately measure profit contribution of individual customer interactions." '521 Patent, at 1:36-39.

**RESPONSE**:  Admitted that the quoted language is excerpted from the '521 patent specification. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

4.      According to the '521 Patent specification, "[p]rior approaches to management's desire for an accurate measure of individual decisions (incremental or marginal) profit impact have been solved by automating the accounting process for implementing accounting methods." *Id.* at 3:39-42.

**RESPONSE**:  Admitted that the quoted language is excerpted from the '521 patent specification. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

5.      The '521 Patent specification states that "[t]o gain this new level of profit resolution this invention is designed to use micro profit measurement rules applied at a granular level

consistent with standard accounting practice using a combination of actuarial science and mathematical set theory. The invention is designed to utilize massively parallel computing operations using relational database management techniques enabling profit measurement at a level not available today in a large individual customer scale business. This invention does this through a consistent application of measures to a class of business entities which represent the smallest common component of profit measurement desired—the Profit Object." *Id*. at 3:63-4:7. *See also, Id*. at 4:8-30:51.

**RESPONSE**: Admitted that the quoted language is excerpted from the '521 patent specification. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.


6.     The prosecution history of U.S. Patent Appl. No. 09/545,628 is *attached hereto* as Exhibit D, and states "[d]ue to the scale and complexity of the analysis, I have implemented the invention within a relational database, which has not been done before and allows the information to be analyzed in hours instead of days for a major Bank using parallel calculation processes." (Ex. D, Pg. 413).

**RESPONSE**: Admitted that the quoted language is excerpted from the prosecution history of U.S. Patent Appl. No. 09/545,628. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434,

at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

7.  On November 12, 2018, Teradata Operations, Inc. ("Defendant"), initiated six Covered Business Method ("CBM") reviews of the Asserted Patents before the Patent Trial & Appeal Board ("PTAB"). All six CBMs were denied. [Dkt. 92].

**RESPONSE**: Admitted that on November 12, 2018, Teradata Operations, Inc. ("Defendant"), initiated six Covered Business Method ("CBM") reviews of the Asserted Patents before the Patent Trial & Appeal Board ("PTAB"). However, the CBMs were not denied. Rather, they were not instituted on the merits because the PTAB "determined that Petitioner has not established that the '521 patent is eligible for CBM review, we [the PTAB] need not address the merits of the Petitioner's patentability challenges to these claims presented in the Petition." (*See e.g.* CBM2019-00016 at 17). Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

8.  In denying institution under the "technological invention" prong of 37 C.F.R. § 42.301(b)[3], the PTAB held that the Asserted Patents "solve a technical problem using a technical solution" and that "the prosecution history of the '521 patent, provides support for Patent Owner's contentions that the above-noted claim recitations describe a distinctive software-based process

---

[3] 37 C.F.R. § 42.301 prohibits Covered Business Method review of patents that "solve a technical problem using a technical solution." *See* 37 C.F.R. § 42.301.

that harnesses benefits to computer performance. A process that improves computer efficiency and permits desirably faster calculation performance suggests a technical solution to a technical problem." *See* [Dkt. 92-1 to 92-5]; *see also Teradata Operations, Inc. at al. v. Berkeley*IEOR*, CBM2019-00015, p. 16 (*attached hereto* as Ex. E).

**RESPONSE**: Admitted that the quoted language is excerpted from the cited documents. Denied that the PTAB held the patents were a "technological invention" under 37 C.F.R. § 42.301(b). Rather, the PTAB held that "[i]t was Petitioner's [Teradata's] burden to support its contention that the claims of the '521 patent do not solve a technical problem using a technical solution. Pet. 7. On the record at hand, we are not satisfied that Petitioner has done so." *Teradata Operations, Inc. at al. v. Berkeley*IEOR*, CBM2019-00015, p. 17. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

9.     On March 26, 2018, Berkeley filed its five-count Second Amended Complaint, alleging claims for direct infringement of the Asserted Patents against the non-Teradata Defendants in Counts I-IV, and a claim for indirect infringement of the Asserted Patents by Teradata in Count V. *See* [Dkt. 41]. On August 29, 2019, Defendant Teradata moved to dismiss Count V under Federal Rule of Civil Procedure 12(b)(6), alleging that the Asserted Patents were ineligible under Section 101. *See* [Dkt. 105].

**RESPONSE**:  Admitted.

10.     This Court denied Defendant's Motion to Dismiss, finding that the asserted patents sufficiently allege that the claimed unconventional combination improves the functioning and operation of the computer itself by performing parallel computations in a faster amount of time, finding that "Berkeley sufficiently alleges an inventive concept...". *See* [Dkt. 119 at 15].

**RESPONSE**:  Admitted only as to the fact that the Court denied Defendant's Motion to Dismiss. Denied as to all other aspects, including Plaintiff's inaccurate recitation of the holding. The Court did not hold that "the asserted patents sufficiently allege that the claimed unconventional combination improves the functioning and operation of the computer itself by performing parallel computations in a faster amount of time," as Plaintiff asserts. Rather, the Court held that "the SAC [Second Amended Complaint] sufficiently alleges" an inventive concept to survive the Motion to Dismiss, under the Rule 12(b)(6) standard. *See* Dkt. 119 at 15. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.


11.     Specifically, this Court found that "the limitations within the Asserted Patents and the SAC sufficiently claim a particularized and unconventional use of RDBMS capabilities, not the mere presence of an RDBMS. Each claim limitation operates together to achieve a specific profitability calculator that takes advantage of RDBMS capabilities, parallel processing, and the rules and data to achieve a solution capable of processing more object-level profitability calculations than its predecessors in the same amount of time." [Dkt. 119 at 15]

**RESPONSE**: Admitted that the quoted language is excerpted from Dkt. 119. Teradata defers to the text of the document Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

## II.    CLAIM CONSTRUCTION RULING

12.    In its Claim Construction ruling the Court adopted Berkeley's construction for Term two requiring the calculations to be performed independently, stating "We therefore adopt Berkeley's proposed construction of "running in the relational database management system the corresponding formulas for 'at least one marginal value of profit,' where one calculation does not depend on the other." [Dkt. 279 at 8].

**RESPONSE**: Admitted that the quoted language is excerpted from Dkt. 279. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

13.    In its Claim Construction ruling the Court established that performing the calculations independently enables simultaneous or parallel calculations, finding that "[t]he claims intentionally provide direction to perform the independent calculations simultaneously, sequentially, or if necessary, not perform some of them at all…" [Dkt. 279 at 8].

**RESPONSE**: Admitted that the quoted language is excerpted from Dkt. 279. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

### III.    BERKELEY'S MOTION FOR SUMMARY JUDGMENT

14.    Berkeley filed a motion for summary judgment on July 26, 2022 asking this Court to find the Asserted Claims valid under 35 U.S.C §101. [Dkt. 295].

**RESPONSE**: Admitted.

15.    Defendant filed its Response to Berkeley's motion for summary judgment on September 1, 2022, which contained eighteen pages of arguments. [Dkt. 308 at 22.].

**RESPONSE**: Admitted. However, as B*IEOR does not cite this fact in its Response to Teradata's Motion, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

### IV.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

16.    Defendant filed a Motion for Summary Judgment ("MSJ") on March 3, 2023 requesting that the Court find the Asserted Patents were invalid under 35 U.S.C. § 101 and that Berkeley failed to show infringement of the Asserted Claims. [Dkt. 353].

**RESPONSE**: Admitted Defendant filed a Motion for Summary Judgment ("MSJ") on March 3, 2023. However, the document speaks for itself, and Teradata denies any other characterization,

implied or otherwise, by B*IEOR. Additionally, as B*IEOR does not cite this fact in its Response to Teradata's Motion, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

17.     Defendant's MSJ states that "there are no genuinely disputed issues of material fact regarding the patent ineligibility of the asserted claims under 35 U.S.C. § 101." [Dkt. 353 at 15].

**RESPONSE**: Admitted this is an accurate quote from Dkt. 353. Teradata defers to the text of the document. Teradata denies any other inference or legal conclusion Plaintiff is attempting to draw from this statement. Additionally, as B*IEOR does not cite this fact in its Response to Teradata's Motion, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

18.     Defendant's MSJ further states:

> All of the asserted claims are method claims, so Plaintiff's inducement claim has always required Plaintiff to prove that some direct infringer (i.e., one of Teradata's customers) actually performs each step of the claimed methods. Instead, almost six years into the case, Plaintiff concedes it cannot show that. [ Dkt. 353 at 2]; and

> Plaintiff conceded that it 'could not fairly make its case' for infringement of the Asserted Patents. (Dkt. 327 at 2). [Dkt. 353 at 9].

**RESPONSE**: Admitted this is an accurate quote from Dkt. 353. Teradata defers to the text of the document. Teradata denies any other inference or legal conclusion Plaintiff is attempting to draw from this statement. Additionally, as B*IEOR does not cite this fact in its Response to Teradata's Motion, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

## V.    BERKELEY'S EXPERT REPORT AND TESTIMONY

19.



(Ex.

**RESPONSE**: Admitted that the language and figure excerpted above are found in Mr. Scarbrough's purported expert report. However, this is an inadmissible hearsay statement. Therefore, under Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Expert Reports are "merely discovery materials" and are presumptively inadmissible. *Blue Cross and Blue Shield United of Wisconsin v. Marshfield Clinic* 152 F.3d 588, 595 (7th Cir. 1998). Teradata denies any other inference Plaintiff is attempting to draw from this statement beyond what is laid out in the document itself, including whether Scarbrough is a qualified expert.

20.



(Ex. G,

**RESPONSE**: Admitted that the language excerpted above is found in Ms. Miracle's purported expert report. this is an inadmissible hearsay statement. Therefore, under Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Expert Reports are "merely discovery materials" and are presumptively inadmissible. *Blue Cross and Blue Shield United of Wisconsin*

152 F.3d at 595. Teradata denies any other inference Plaintiff is attempting to draw from this statement beyond what is laid out in the document itself, including whether Miracle is a qualified expert. Additionally, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

21.


**RESPONSE**: Admitted that the language and figure excerpted above are found in Ms. Miracle's purported expert report. Teradata defers to the text of the document. However, if offered for the truth of the matter asserted, this is an inadmissible hearsay statement. Therefore, under Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Expert Reports are "merely discovery materials" and are presumptively inadmissible. *Blue Cross and Blue Shield United of Wisconsin* 152 F.3d at 595. Teradata denies any other inference Plaintiff is attempting to draw from this statement beyond what is laid out in the document itself, including whether Miracle is a qualified expert.

22. 

(Ex. G,

**RESPONSE**: Admitted that the language excerpted above is found in Ms. Miracle's purported expert report. Teradata defers to the text of the document. However, if offered for the truth of the matter asserted, this is an inadmissible hearsay statement. Therefore, under Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Expert Reports are "merely discovery materials" and are presumptively inadmissible. *Blue Cross and Blue Shield United of Wisconsin* 152 F.3d at 595. Teradata denies any other inference Plaintiff is attempting to draw from this statement beyond what is laid out in the document itself, including whether Miracle is a qualified expert.

23. Ms. Miracle opines in her expert report on infringement that:



(Ex.

**RESPONSE**: Admitted that the language and figure excerpted above are found in Ms. Miracle's purported expert report. Teradata defers to the text of the document. However, if offered for the truth of the matter asserted, this is an inadmissible hearsay statement. Therefore, under Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Expert Reports are "merely discovery materials" and are presumptively inadmissible. *Blue Cross and Blue Shield United of Wisconsin* 152 F.3d at 595. Teradata denies any other inference Plaintiff is attempting to draw from this statement beyond what is laid out in the document itself, including whether Miracle is a qualified expert.

24.     Ms. Miracle opines in her expert report on infringement that:



**RESPONSE**: Admitted that the language and figure excerpted above are found in Ms. Miracle's purported expert report. Teradata defers to the text of the document. However, if offered for the truth of the matter asserted, this is an inadmissible hearsay statement. Therefore, under Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Expert Reports are "merely discovery materials" and are presumptively inadmissible. *Blue Cross and Blue Shield United of Wisconsin* 152 F.3d at 595. Teradata denies any other inference Plaintiff is attempting to draw from this statement beyond what is laid out in the document itself, including whether Miracle is a qualified expert.

25.



(Ex. G

**RESPONSE**: Admitted that the language excerpted above is found in Ms. Miracle's purported expert report. Teradata defers to the text of the document. However, if offered for the truth of the matter asserted, this is an inadmissible hearsay statement. Therefore, under Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Expert Reports are "merely discovery materials" and are presumptively inadmissible. *Blue Cross and Blue Shield United of Wisconsin* 152 F.3d at 595. Teradata denies any other inference Plaintiff is attempting to draw from this statement beyond what is laid out in the document itself, including whether Miracle is a qualified expert.

26.





**RESPONSE**: Denied. Ms. Miracle's deposition transcript is not cited or otherwise referenced in her expert report.

## VI. BERKELEY'S PRIOR LICENSE WITH DEFENDANT



**RESPONSE**: Admitted that the quoted language is excerpted from ████████████████ ████████████████████. Teradata defers to the text of the document. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

28.



**RESPONSE**:  Admitted that the quoted language is excerpted from <span style="background:black;color:black">████████████</span>

<span style="background:black;color:black">████████████</span>. Teradata defers to the text of the document. Teradata

objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this

statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012

WL 5499434, at \*2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an

issue of fact as to any of the grounds upon which Teradata moves for summary judgment.


**VII.    BERKELEY LETTER TO TERADATA**



**RESPONSE**:  Admitted that the quoted language is excerpted from <span style="background:black;color:black">████████████</span>

<span style="background:black;color:black">████████████</span> Teradata defers to the text of the document. Teradata

objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this

statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012

WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

## VIII. DEFENDANT'S THIRD PARTY MARKETING DOCUMENTS WITHIN THE DAMAGES PERIOD

30.     A marketing document titled "Teradata Helps Grainger Reap the Benefits of High-Volume, Detailed Analytics", published on February 3, 2012, states "Teradata Corporation, (NYSE: TDC), recently partnered with W.W. Grainger, Inc. (Grainger), a global Fortune 500 distributor of facilities maintenance products, to implement new analytics capabilities utilizing Teradata's Active Enterprise Data Warehouse (EDW) platform and Teradata Value Analyzer software." (Ex. K, p. 1).

**RESPONSE**: Admitted that the quoted language is excerpted from Ex. K, titled "Teradata Helps Grainger Reap the Benefits of High- Volume, Detailed Analytics", published on February 3. Teradata defers to the text of the document. However, this document does not appear to have been produced by either party, as there is no Bates No. on the document. Fact discovery is now closed. Therefore, under Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

31.     A marketing document titled "WW Grainger: The Supply & Demand of Advanced Profitability Insights" published in 2015, states "Grainger also leverages profitability analytics to

support brand/segment profitability reporting and value-based contracting/customer profitability"

… which "saw ROI within four months and helped identify $80M in revenue for additional lift."

(Ex. L, p.2).

**RESPONSE**:  Admitted that the quoted language is excerpted from Ex. L, titled "WW Grainger:

The Supply & Demand of Advanced Profitability Insights" published in 2015. Teradata defers to

the text of the document. However, this document does not appear to have been produced by either

party, as there is no Bates No. on the document. Fact discovery is now closed. Therefore, under

Fed. R. Civ. P. 56(c)(2), Teradata objects to this purported fact as "the material cited to support or

dispute a fact cannot be presented in a form that would be admissible in evidence." Teradata

objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this

statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012

WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an

issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

## IX.    PROCUREMENT AGREEMENT



**RESPONSE**:  Admitted that the quoted language is excerpted from Ex. M, TERADATA354205-424. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.



**RESPONSE**:  Admitted that the quoted language is excerpted from Ex. M, TERADATA354205-424. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

**RESPONSE**: Admitted that the quoted language is excerpted from Ex. M, TERADATA354205-424. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

## X. DEFENDANT PROVIDED ONGOING MAINTENANCE OF TVA TO THIRD PARTIES

**RESPONSE**: Admitted that the quoted language is excerpted from Ex. N, TERADATA354247-260. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.



**RESPONSE**: Admitted the above is a partial excerpt from one tab of the spreadsheet produced as TERADATA372204. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

**RESPONSE**: Admitted that the quoted language is excerpted from Exhibit P. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

## XI. TESTIMONY OF DEFENDANT'S 30(B)(6) WITNESS NANCY KALTOFF

**RESPONSE**: Admitted that the quoted language is an excerpt from the transcript of the 30(b)(6) deposition of Nancy Kaltoff.

**RESPONSE**: Admitted that the quoted language is an excerpt from the transcript of the 30(b)(6) deposition of Nancy Kaltoff.

## XII. DEFENDANT CONSISTENTLY COLLECTED REVENUE FROM NON- RETAIL BANKING CUSTOMERS



**RESPONSE**:          Admitted the above is a partial excerpt from one tab of the spreadsheet produced as TERADATA372264. Teradata objects to any factual argument or legal conclusion Plaintiff is attempting to draw from this statement as an improper use of a Local Rule 56.1 Statement. *See, e.g.*, *Smart Options, LLC*, 2012 WL 5499434, at *2; *Judson Atkinson*, 529 F.3d at 382 n. 2. In any event, this does not create an issue of fact as to any of the grounds upon which Teradata moves for summary judgment.

Dated: _____July 21_____, 2023          Respectfully submitted,


                                             By:_/s/ Kal. K. Shah_____


                                             **ATTORNEY FOR DEFENDANT**
                                             ***Teradata Operations, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

/s/ Kal. K. Shah
_____