IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERKELEY*IEOR d/b/a B*IEOR, a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TERADATA OPERATIONS, INC.,<br><br>Defendant. | Case No. 17-cv-07472<br><br>Judge Charles P. Kocoras<br>Magistrate Judge Jefferey Cole<br><br>**REDACTED** |

**DEFENDANT TERADATA OPERATIONS, INC.'S**
**MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 2

    I.    B*IEOR's Severed and Stayed Claims Against the Customer Defendants ....................................................................................................... 2

    II.   B*IEOR's Lack of Diligence In Taking Discovery, Repeated Motions to Extend Discovery, and Admissions That It Lacked Evidence to Support Its Claims................................................................................. 3

    III.  The Court's Grant of Summary Judgment ................................................................. 5

APPLICABLE LAW ......................................................................................................................... 6

    I.    Award of Fees Under 35 U.S.C. § 285. ...................................................................... 6

    II.   Award of Fees Under 28 U.S.C. § 1927. .................................................................... 7

ARGUMENT .................................................................................................................................... 7

    I.    B*IEOR's Pursuit of Its Baseless Infringement Claim Makes This Case Exceptional Under 35 U.S.C § 285 and Warrants an Award of Fees. .................................................................................................................... 7

    II.   B*IEOR's Baseless Infringement Claim and Pervasive Litigation Misconduct Also Warrant Sanctioning B*IEOR's Counsel Under 28 U.S.C. § 1927. ............................................................................................... 10

CONCLUSION ............................................................................................................................... 11

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AdjustaCam, LLC v. Newegg, Inc.*,
    861 F. 3d 1353 (Fed. Cir. 2017)...................................................................................7, 9

*Boyer v. BNSF Ry. Co.*,
    832 F.3d 699 (7th Cir. 2016) ...............................................................................................10

*Chambers v. Nasco, Inc.*,
    501 U.S. 32 (1991)................................................................................................................2

*Claiborne v. Wisdom*,
    414 F.3d 715 (7th Cir. 2005) ...............................................................................................10

*E-Pass Techs., Inc., v. 3com Corp.*,
    2006 U.S. Dist. LEXIS 98257 (N.D. Cal. Nov. 21, 2006).........................................................8

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
    15 F.4th 1378 (Fed. Cir. 2021) ...............................................................................................6

*Jolly Group, Ltd. v. Medline Indus., Inc.*,
    435 F.3d 717 (7th Cir. 2006) ...............................................................................................11

*Kotsilieris v. Chalmers*,
    966 F.2d 1181 (7th Cir. 1992) ...............................................................................................7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014).........................................................................................................1, 6

*Omega Patents, LLC v. CalAmp Corp.*,
    920 F.3d 1337 (Fed. Cir. 2019)..............................................................................................7

*Phonometrics, Inc. v. Westin Hotel Co.*,
    350 F.3d 1242 (Fed. Cir. 2003).............................................................................................11

*Raniere v. Microsoft Corp.*,
    887 F.3d 1298 (Fed. Cir. 2018).........................................................................................8, 9

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,
    858 F.3d 1383 (Fed. Cir. 2017)..............................................................................................6

*SFA Sys., LLC. v. Newegg Inc.*,
    793 F.3d 1344 (Fed. Cir. 2015)..............................................................................................6

*In re TCI Ltd.*,
    769 F.2d 441 (7th Cir. 1985) ....................................................................................7, 11

*TecSec, Inc. v. Adobe Inc.*,
    978 F.3d 1278 (Fed. Cir. 2020)..........................................................................................7

*Wi-LAN Inc. v. Sharp Elecs. Corp.*,
    Civil Action Nos. 15-379-LPS, 15-788-LPS, 2022 WL 611236 (D. Del. Feb.
    3. 2022) .............................................................................................................................10

**Statutes**

28 U.S.C. § 1927................................................................................................................ *passim*

35 U.S.C. § 285.........................................................................................................................1, 6, 7

**INTRODUCTION**

When a patentee's approach to litigation "stands out from others with respect to the substantive strength of [its] litigating position … or the unreasonable manner in which the case was litigated," the case is 'exceptional' under 35 U.S.C. § 285 and it is appropriate for the Court to award attorneys' fees to the prevailing party. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). This case certainly "stands out" for multiple reasons.

As far back as September 28, 2021—four months ***after*** the close of extended fact discovery—B*IEOR's counsel admitted that B*IEOR "do[es]n't have any information about how the Teradata customers, for example, Grainger, uses the infringing products." (Sept. 28, 2021 Hr'g. Tr. 12:17-19.) Ten months later, in an "eleventh-hour" motion to serve belated discovery on Teradata's customers, B*IEOR explicitly admitted "the present matter has reached a stage where ***Berkeley cannot progress further*** without direct evidence of what actions are actually being taken by the Customer Defendants." (Dkt. 299 at 3 (denied in Dkt. 304).) That motion, among others to reopen discovery, was denied. B*IEOR paid no heed and pressed on, forcing Defendants to go through needless expert discovery and dispositive motion briefing just to confirm what B*IEOR knew from the start—it had no case.

This Court correspondingly granted summary judgment because B*IEOR presented no evidence that any Teradata customer directly infringed any patent claim or met key claim limitations. (Dkt. 407 at 28 ("Berkeley in no way responds to Teradata's argument that Berkeley fails to establish infringement of limitation 1(e), thereby waiving its argument.").) Nor, the Court said, did B*IEOR present any evidence that Teradata intended to induce any of its customers to infringe. (*Id.* at 28-30.) The admitted and long-standing weaknesses of B*IEOR's case by themselves make this case exceptional.

1

Moreover, this case is also exceptional, and sanctions are warranted under 28 U.S.C. § 1927, because B*IEOR's counsel indisputably "multiplie[d] the proceedings … unreasonably and vexatiously," demonstrating objectively unreasonable behavior and bad faith. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991). Magistrate Judge Cole neatly summarized B*IEOR's pattern of harassment in the form of eleventh-hour or months-late motions to re-open discovery and re-raise previously rejected arguments. (Dkt. 345.)

On this well-chronicled history of frivolous argument and litigation abuse, Defendant Teradata asks the Court to find this case exceptional and order both B*IEOR and its counsel to pay Teradata the attorneys' fees and costs it has been forced to incur as a result.

## BACKGROUND

**I.     B*IEOR's Severed and Stayed Claims Against the Customer Defendants.**

On March 26, 2018, Berkeley filed its five-count Second Amended Complaint (Dkt. 41) alleging that four Teradata customers (Grainger, DHL Express, Danzas and DHL Global) directly infringed the Asserted Patents and that Teradata indirectly infringed those patents by inducing those four customers to infringe. On Defendants' motion, the Court severed and stayed B*IEOR's claims against the customer defendants because B*IEOR presented those claims as dependent on how Teradata's TVA product worked, not on any customer-specific implementations of the product. (Dkt. 80 at 12 ("the non-Teradata Defendants correctly point out that Berkeley's infringement claims arise not out of some 'custom-built' functionality of its TVA technology, but implementation of the TVA technology itself"); *id.* at 13 ("Berkeley has not suggested that the infringement occurred because of the [customers'] 'custom built' technology").)

## II. B*IEOR's Lack of Diligence In Taking Discovery, Repeated Motions to Extend Discovery, and Admissions That It Lacked Evidence to Support Its Claims.

B*IEOR was given more than three-and-a-half years to conduct fact discovery. At no point before fact discovery finally ended on May 11, 2021, did B*IEOR seek discovery from any of the customer-defendants. Yet, on the evening of May 11, 2021, B*IEOR filed a "tardy and poorly supported" (Dkt. 345 at 3 (Cole, M.J.)) motion seeking an additional 90-day extension of the fact discovery deadline. At that point, B*IEOR knew or should have known that it could not meet its burden of demonstrating direct infringement by a Teradata customer or indirect infringement by Teradata. B*IEOR's last-gasp motion to extend fact discovery was, of course, denied. (Dkt. 192.) Months later, B*IEOR's counsel confirmed that B*IEOR "do[es]n't have any information about how the Teradata customers, for example, Grainger, uses [sic] the infringing products. I know how Teradata makes the products, but there's nothing that Teradata has produced to us about how they use the products." (Sept. 28, 2021, Hr. Tr. 12:17-22.)

Yet Plaintiff pushed on, requiring Teradata and the Court to go through the effort and expense of claim construction (including a sur-reply filed by Plaintiff in December 2021 and the hearing in January 2022), expert discovery, multiple overruled objections to the Magistrate Judge's recommendations and orders (*see* Dkt. 205, 210, 215, 229, 240, 250, 336, 337, 338, 346, 358, 359, and 360), multiple rounds of motions for summary judgment (*see* Dkt. 294, 308, 320, 353, 378, 384, and 393), and scores of other filings.[1]

On July 26, 2022—over a year after the close of fact discovery and over three years after the Court severed and stayed the claims against the customer defendants—B*IEOR filed a motion "For Leave to Serve Narrowly Tailored Supplemental Discovery Requests" on the non-Teradata Defendants. (Dkt. 299.) In its motion, B*IEOR once again conceded that "the present matter has

---

[1] Between the May 11, 2021, close of fact discovery and today, there are over 230 docket entries.

3

reached a stage where **Berkeley cannot progress further** without direct evidence of what actions are actually being taken by the Customer Defendants." (Dkt. 299 at 3 (emphasis added).) Magistrate Judge Cole denied B*IEOR's motion because, among other deficiencies, "the plaintiff's motion comes inexplicably late. . . Plaintiff did not file its motion to serve supplemental discovery requests until 11 p.m. on the night of July 26th. It offers no explanation as to why it waited until, literally, the eleventh hour." (Dkt. 304 at 1-2.)

On February 14, 2023, B*IEOR took yet another stab at re-opening fact discovery by filing simultaneous motions to vacate the Court's order to sever and stay (Dkt. 327) and to stay the remaining nine days of expert discovery. (Dkt. 328.) In its motion, B*IEOR sought leave to serve the same purportedly "narrowly tailored"[2] discovery on the non-Teradata defendants based on the same arguments the Court rejected in July of 2022:

> With a week left in expert discovery, Berkeley filed about 140 pages of motions and exhibits [Dkt. 327-32] before Judge Kocoras regarding fact discovery from those defendants Judge Kocoras severed from this case on March 7, 2019. [Dkt. 80]. The filings present essentially the same contentions as Berkeley raised in its motion to reopen discovery seven months ago, with Berkeley again asserting that Teradata pulled the wool over Judge Kocoras's eyes made some sort of "promise to the court" to produce unspecified materials regarding infringement by the severed defendants. [Dkt. 327].

(Dkt. 345 at 8.) Once again, B*IEOR acknowledged that with the discovery it had in hand it could not prove its case. (Dkt. 327 at 2.)

Magistrate Judge Cole recommended against vacating the sever and stay order. (Dkt. 345 at 6-7; Dkt. 360 (adopting the Magistrate Judge's recommendation).) In doing so, he noted: "why Berkeley refused to take that step [of seeking to vacate the order] until four years after [the Court's] ruling is anyone's guess – although it does not require much of an imagination to explain the

---

[2] Magistrate Judge Cole noted that "[t]he 'narrowly tailored requests' were, in fact, twelve categories of document requests spread across nine pages." (Dkt. 345 at 6 fn. 2.)

4

inaction." (Dkt. 345 at 2.) In the end, B*IEOR's "motion to stay expert discovery [Dkt. 328], filed in the nineteenth week of a twenty-week expert discovery window [Dkts. 314-316, 318], and in the one hundred and thirty-ninth week of a one-hundred-and-forty-week discovery schedule, [was] denied." (Dkt. 345 at 11.) This Court agreed. (Dkt. 360 at 6 (noting that B*IEOR "made the same arguments in its Motion to Extend Discovery" and "present[ed] no valid excuse for why it waited as worst over a year and at best almost six months to file the Motion to Vacate.").)

### III. The Court's Grant of Summary Judgment.

At each turn as Teradata has recognized the futility of B*IEOR's case, it has sought resolution without further burdening the Court. Teradata repeatedly reached out to B*IEOR, pointing out the fatal flaws in its case and B*IEOR's documented lack of evidence, and asking for a quick resolution. (Ex. A, June 23, 2023 T. Starck letter to W. Spence; Ex. B, February 21, 2024 T. Starck letter to W. Spence.) Each letter went unanswered.

Eventually Teradata was left with no choice but to file its motion for summary judgment. (Dkt. 349.) Even with the benefit of the last word through a sur-reply, (Dkt. 393), Plaintiff was not able to save its case. As this Court determined:

> Berkeley in no way responds to Teradata's argument that Berkeley fails to establish infringement of limitation 1(e), thereby waiving its argument. . . . Because infringement requires that "every limitation set forth in a claim [] be found in an accused product," and because "liability for inducement must be predicated on direct infringement," Berkeley's induced infringement claim fails and summary judgment is granted in Teradata's favor. . . . We note that summary judgment is also warranted because Berkeley puts forth no evidence of intent to induce.

(Dkt. 407 at 28-27 (internal citation omitted).) By then the damage to Teradata was done. Teradata was forced to defend its product and reputation for years despite the admitted deficiencies in

5

B*IEOR's case. Since May 11, 2021, Teradata has incurred nearly ▮▮▮▮▮▮ in fees and costs defending itself against B*IEOR's frivolous claims and vexatious litigation tactics.[3]

## APPLICABLE LAW

I.  **Award of Fees Under 35 U.S.C. § 285.**

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. A litigant's conduct need not be "independently sanctionable" to make a case exceptional and justify an award of fees. *Octane Fitness*, 572 U.S. at 555. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 554. "In weighing the evidence, the district court may consider, among other factors, 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1387 (Fed. Cir. 2017) (*quoting Octane Fitness*, 572 U.S. at 554 n.6). A party need only prove a case is exceptional by a preponderance of evidence. *Octane Fitness*, 572 U.S. at 557-58; *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1382 (Fed. Cir. 2021).

"[A] district court may declare a case exceptional based on unreasonable and vexatious litigation tactics, even where it finds the legal theories advanced not objectively baseless." *SFA Sys., LLC. v. Newegg Inc.*, 793 F.3d 1344, 1349 (Fed. Cir. 2015) (citing *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir. 2012) and *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324 (Fed. Cir. 2011)).

---

[3] Should this Court grant Teradata's motion, Teradata will promptly submit redacted invoices supporting its requested relief as set forth in the local rules.

II.     **Award of Fees Under 28 U.S.C. § 1927.**

"A court may order an attorney who 'multiplies the proceedings ... unreasonably and vexatiously' to bear the adversary's costs and attorneys' fees personally, 28 U.S.C. § 1927." *In re TCI Ltd.*, 769 F.2d 441, 442 (7th Cir. 1985) (awarding fees under § 1927 to remedy vexatious litigation conduct). Unreasonable and vexatious conduct under 28 U.S.C. § 1927 is shown by demonstrating "objectively unreasonable behavior" and subjective or objective bad faith. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183-85 (7th Cir. 1992).

## ARGUMENT

I.      **B*IEOR's Pursuit of Its Baseless Infringement Claim Makes This Case Exceptional Under 35 U.S.C § 285 and Warrants an Award of Fees.**

This Court granted summary judgment in favor of Teradata because B*IEOR failed to even offer any evidence of two separate elements of its induced infringement claim. First, B*IEOR did not even argue or offer evidence that any third party (including any of the customer defendants) had directly infringed any of the asserted patent claims. (Dkt. 407 at 28-29); *Omega Patents, LLC v. CalAmp Corp.*, 920 F.3d 1337, 1345 (Fed. Cir. 2019) (quoting *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[L]iability for inducement must be predicated on direct infringement.")). Second, B*IEOR "put[] forth no evidence of intent to induce," even though its entire infringement claim against Teradata was based on an inducement theory. (Dkt. 407 at 29); *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011) (holding that induced infringement under Section 271(b) requires that defendant "took certain affirmative acts to bring about the commission by others of acts of infringement and had 'knowledge that the induced acts constitute patent infringement.'").

7

Each of these failures is independently sufficient to warrant a finding of exceptionality under 35 U.S.C. § 285. *See, e.g.*, *AdjustaCam, LLC v. Newegg, Inc.*, 861 F. 3d 1353, 1361 (Fed. Cir. 2017) (holding that where patentee failed to "introduce any evidence" that the accused products meet a claim limitation, its claim was "baseless" and "[t]hese are traits of an exceptional case" in which "[f]ees are warranted"); *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308-09 (Fed. Cir. 2018) (affirming finding that case was exceptional where plaintiff-patentee "failed to produce any written document or other credible evidence" of standing to sue for infringement); *E-Pass Techs., Inc., v. 3com Corp.*, 2006 U.S. Dist. LEXIS 98257 *20, 55-56 (N.D. Cal. Nov. 21, 2006) (finding the case exceptional where plaintiff "identified no direct evidence that the [patented] method has ever been practiced on [an accused device]."). Taken together, B*IEOR's admissions and its failure to produce any evidence of critical elements of its induced infringement claim clearly support an award of fees and costs to Teradata.

The exceptionality of this case is undeniable because B*IEOR *explicitly admitted* it lacked evidence of direct infringement: "I'm now at a point where discovery has ended. I don't even have documents to show that the Teradata customers infringe." (Sept. 28, 2021 Hr. Tr. 12:10-12.) In B*IEOR's July 26, 2022, motion, B*IEOR conceded that "the present matter has reached a stage where ***Berkeley cannot progress further*** without direct evidence of what actions are actually being taken by the Customer Defendants." (Dkt. 299 at 3.) In light of these admissions, B*IEOR should have conceded to a finding of non-infringement. Indeed, on both June 23, 2023, and February 21, 2024, Teradata explicitly informed B*IEOR of the deficiencies in its case, cited case law to show the case was exceptional, and asked B*IEOR to voluntarily dismiss its baseless claims. (Ex. A, June 23, 2023, T. Starck letter to W. Spence; Ex. B, February 21, 2024, T. Starck letter to W.

8

Spence.) Instead, B*IEOR plowed ahead and drove up Teradata's legal fees, presumably to try to force a settlement.

Compounding the frivolousness of B*IEOR's infringement claim is the unreasonable manner in which B*IEOR litigated the case. *AdjustaCam*, 861 F.3d at 1361 (finding case exceptional based on plaintiff's "repeated use of after-the-fact declarations"); *Raniere*, 887 F.3d at 1308-09 (finding of exceptional case supported where plaintiff "employed 'a pattern of obfuscation and bad faith,'" that "'were made in bad faith to vexatiously multiply the proceedings and avoid early dismissal'—in effect, to stall termination of the proceedings."). Here, B*IEOR has been called out by the Court multiple times for filing last-minute or belated motions (Dkt. 345 at 6, 9 (Court noting that "eleventh hour" motion practice "seems to be B*IEOR's wont" and describing the belatedness of the instant motion as showing "hubris of the highest order"), as well as thinly-veiled requests that the Court reconsider past rulings without satisfying even the basic timing requirements of Rule 60(e). (*See, e.g.*, *id.* at 1-10 (Magistrate Judge Cole summarizing Berkeley's vexatious discovery motion practice and noting that "since Judge Kocoras struck the May 11, 2021 fact discovery deadline … Berkeley has had the Court sift through over 1100 pages of discovery motions and exhibits. [Dkt. ##174-180, 182-84, 198-99, 201, 205, 215, 219-20, 223, 230, 246, 240-43, 256-57, 251-53, 282, 299, 314, 327-32, 336, 337].").) Many of B*IEOR's motions have relied on a fiction this Court has rejected multiple times—that Teradata somehow "promised" to produce to B*IEOR information about how customers implemented the accused TVA system. (*Id.* at 6, 8, 13-16 (rejecting B*IEOR's motion and noting that B*IEOR had made the same argument in its prior motion, Dkt. 299, and ultimately concluding "In sum, there simply are not any promises about discovery regarding the customer defendants."). On top of it all, B*IEOR regularly flouted this Court's Local Rule 37.2, which, if followed, might have helped

9

avoid much of this expensive and repetitive motion practice. (*See, e.g. id.* at 7 (Court noting that failure to comply with Local Rule 37.2 "had long proved to be a sore spot in this case.").)

B*IEOR should therefore be required to pay the fees and costs Teradata incurred in defending this action from May 11, 2021 onward. *See, e.g.*, *Wi-LAN Inc. v. Sharp Elecs. Corp.*, Civil Action Nos. 15-379-LPS, 15-788-LPS, 2022 WL 611236, at *4 (D. Del. Feb. 3. 2022) (finding case exceptional where plaintiff continued litigation after date plaintiff "had to have known it could not survive the defense motion for summary judgment of noninfringement because of its lack of critical, admissible evidence.").

## II. B*IEOR's Baseless Infringement Claim and Pervasive Litigation Misconduct Also Warrant Sanctioning B*IEOR's Counsel Under 28 U.S.C. § 1927.

B*IEOR's pursuit of this matter without evidence of direct infringement and no evidence of intent to induce infringement constitute vexatious litigation tactics. "Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This Court should exercise its discretion to allocate some or all of the fee award to B*IEOR's counsel. *See Boyer v. BNSF Ry. Co.*, 832 F.3d 699, 701–02 (7th Cir. 2016); *Claiborne v. Wisdom*, 414 F.3d 715, 724 (7th Cir. 2005) ("the court retains inherent power to impose sanctions when the situation is grave enough to call for them and the misconduct has somehow slipped through the cracks of the statutes and rules covering the usual situations").

As described at length above, B*IEOR pursued its claim of inducement well after it should have known (and even after it admitted) it could not prove two key elements: intent by Teradata to induce infringement, and direct infringement by a third party. B*IEOR filed countless motions either at the eleventh hour or well beyond the deadline, and many of these motions rehashed arguments or requested relief that had already been rejected by the Court. In these motions, it has

repeatedly pressed the theory that Teradata "promised" to produce customer implementation information in discovery, even after the Court found Teradata made no such promise.

Because B*IEOR "'continued to litigate this case knowing that its claim could not meet the standard for infringement,'" an award of attorneys' fees and costs under Section 1927 is warranted. *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1248 (Fed. Cir. 2003) (affirming award of fees and costs where patentee failed to articulate infringement theory after adverse Federal Circuit claim construction in related case); *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) ("We have also interpreted § 1927 'to impose a continuing duty upon attorneys to dismiss claims that are no longer viable.'" (citing *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n. 6 (7th Cir.1990)). B*IEOR's blatant disregard for the Court's previous orders and its imposition of burdens on Teradata supports an award of fees and costs under § 1927. *In re TCI Ltd.*, 769 F.2d at 445 (holding that Section 1927 is triggered when "a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law.").

## CONCLUSION

For the foregoing reasons, Defendant Teradata Operations, Inc. requests that the Court grant Teradata's Motion for Attorneys' Fees and Non-Taxable Costs, find this case exceptional and award attorneys' fees and costs under 35 U.S.C. § 285, and sanction B*IEOR's counsel under Section 1927. Pursuant to Rule 54, Teradata seeks recovery of approximately ▮▮▮▮▮▮ in attorneys' fees and non-taxable costs (subject to the additional fees incurred in preparing the instant motion) incurred since the close of fact discovery in this litigation, by which time B*IEOR clearly knew it lacked the evidence to prove its claim of induced infringement.

11

Dated: April 30, 2024

Respectfully Submitted,

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

*/s/ Kal K. Shah*
Kal K. Shah
Simeon G. Papacostas
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
kshah@beneschlaw.com
spapacostas@beneschlaw.com

Charanjit Brahma (admitted *pro hac vice*)
100 Pine Street, Suite 3100
San Francisco, CA 94111
Telephone: (628) 600-2250
cbrahma@beneschlaw.com

*Attorneys for Defendant Teradata Operations, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 30, 2024, I filed the foregoing with the Clerk of the Court using CM/ECF, which will automatically send email notification of this filing to all attorneys of record in this action.

*/s/ Kal K. Shah*
Kal K. Shah
